ANDREA E. BATES, ESQ, SBN 192491
Abates@Bates-Bates.com
MICHAEL A. BOSWELL, ESQ. SBN 198994
MBoswell@Bates-Bates.com
BATES & BATES, LLC
964 DeKalb Avenue, Suite 101
Atlanta, Georgia 30307
Phone  (866)701-0404 and (562) 360-2097
Fax      (404)963-6231

Attorneys for
Plaintiff
GIBSON GUITAR CORP.,

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBSON GUITAR CORP., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> WOWWEE USA, INC., a California corporation; WAL-MART STORES, INC., a Delaware corporation; AMAZON.COM, INC.,) a Delaware corporation; BIG LOTS STORES, INC., an Ohio corporation; K MART CORPORATION, a Michigan corporation; TARGET CORPORATION, a Minnesota corporation; TOYS "R" US-DELAWARE, INC., a Delaware corporation; WALGREEN CO., an Illinois corporation; BROOKSTONE COMPANY, INC., a New Hampshire corporation; BEST BUY CO. INC., a Minnesota corporation; EBAY INC., a Delaware corporation, TOYWIZ, INC., a New York corporation, HSN, Inc. a Delaware corporation, and DOES 1 through 100, <br><br> Defendants. | Case No. CV10-8884 RGK (RZx) <br><br> EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF <br><br> LOCAL RULES 7-19, 7-19.1 <br><br> Dept.: 805 <br> Judge: Judge R. Gary Klausner |

-i-

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## STANDING ORDER ¶ 11

Pursuant to the Standing Order For Newly Cases Assigned To Judge R. Gary Klausner, ¶9 (Ex Parte Applications), Plaintiff has electronically served all the Defendants via facsimile the Application and Notice of the Ex Parte Application For A Temporary Restraining Order And An Order To Show Cause Re: Preliminary Injunction to the Defendants, including notifying Defendants that an opposition shall be filed no later than 3 p.m. on the first business day following service.

## MEMO OF KNOWN COUNSEL/DEFENDANT'S CONTACT INFORMATION

### WOWWEE USA, INC.

| | |
|---|---|
| Counsel: | Kim Landsman, Patterson Belknap, 1133 Ave. of the Americas, NY, NY 10036<br>Fax: 212-336-2985<br>Phone: 212-336-2980. |
| Address: | 5963 La Place Court, Suite 207<br>Carlsbad, CA 92008 |
| Registered Agent: | National Registered Agents, Inc.<br>2875 Michelle Drive, Suite 100<br>Irvine, CA 92606<br>Phone: 800-562-6439<br>Fax:   800-562-6504 |

### WAL-MART STORES, INC.

| | |
|---|---|
| Counsel: | Rosalyn Mitchell (in house)<br>Fax: 479-277-5991 |
| Address: | 702 SW 8th Street<br>Bentonville, AR 72716 |
| Registered Agent: | The Corporation Trust Company<br>Corporation Trust Center |

-ii-

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1209 Orange Street
Wilmington, DE 19801
Phone: 302-658-7581
Fax:    302-655-5049

**AMAZON.COM, INC.**

| | |
|---|---|
| Counsel: | Not known at this moment |
| Address: | 410 Terry Avenue North<br>Seattle, WA 98109-5210 |
| Registered Agent: | Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808<br>Phone: 800-927-9800<br>Fax:    302-636-5454 |

**BIG LOTS STORES, INC.**

| | |
|---|---|
| Counsel: | Not known at this moment |
| Address: | 300 Phillipi Road<br>PO Box 28512<br>Columbus, OH 43228-5311 |
| Registered Agent: | CSC-Lawyers Incorporating Service<br>50 W. Broad Street, Suite 1800<br>Columbus, OH 43215<br>Phone: 800-927-9800<br>Fax:    302-636-5454 |

**KMART CORPORATION**

| | |
|---|---|
| Counsel: | Not known at this moment |
| Address: | 3333 Beverly Road<br>Hoffman Estates, IL 60179<br>Phone: 847-286-2500<br>Fax:    847-286-5500 |
| Registered Agent: | The Corporation Company<br>30600 Telegraph Road, Suite 2345 |

-iii-

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY
RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Bingham Farms, MI 48025

## TARGET CORPORATION

Counsel:           Michael S. Kroll,
                         Phone: 612-696-2249
                         Fax: 612-696-3399
                         Michael.kroll@target.com.

It is unknown whether he is acting as counsel for this litigation.

Address:           1000 Nicollet Mall
                         Minneapolis, MN 55403
                         Phone: 612-304-6073
                         Fax:    612-696-5400

Registered Agent:    No Agent on File With Secretary of State

## TOYS"R"US DELAWARE, INC

Counsel:           Not known at this moment

Address:           One Geoffrey Way
                         Wayne, NJ 07470-2030

Registered Agent:    The Prentice-Hall Corporation System, Inc.
                         2711 Centerville Road, Suite 400
                         Wilmington, DE 19808
                         Phone: 302-636-5440
                         Fax:    302-636-5454

## WALGREEN CO.

Counsel:           Not known at this moment

Address:           200 Wilmot Road
                         Deerfield, Il 60015

Registered Agent:    Illinois Corporation Service Company
                         801 Adlai Stevenson Drive
                         Springfield, IL 62703

-iv-

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

Phone: 888-690-2882
Fax:    302-636-5454

2

3   **BROOKSTONE COMPANY, INC.**

4   Counsel:          Not known at this moment

5   Address:          One Innovation Way
                      Merrimack, NH 03054

6

7   Registered Agent:  Thomas P. Manson, Esq.
                      1000 Elm Street, 20Fl

8                     Manchester, NH 03101
                      Phone: 603-621-7100

9                     Fax:    603-621-7111

10  **BEST BUY CO., INC.**

11  Counsel:          Not known at this moment

12

13  Address:          7601 Penn Avenue South
                      Richfield, MN 55423

14

15  Registered Agent:  C T Corporation System Inc.
                      100 South 5th Street, Suite 1075

16                    Minneapolis, MN 55402
                      Phone: 612-333-4315

17                    Fax:    612-333-2524

18  **EBAY INC.**

19  Counsel:          Not known at this moment

20  Address:          2145 Hamilton Avenue
                      San Jose, CA 95125

21

22  Registered Agent:  National Registered Agents, Inc.
                      160 Greentree Drive, Suite 101

23                    Dover, DE 19904
                      Phone: 302-674-4089

24                    Fax:    302-674-5266

25  **TOYWIZ, INC.**

26                                        -v-

27      EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY
        RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY
28      INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

2
Counsel:          Not known at this moment

3
Address:          363 Spook Rock Rd. Building K
                  Suffern, NY 10901

4

5
Registered Agent:  Barr, Post & Associates
                   664 Chestnut Ridge Road
                   Spring Valley, NY 10977

6
                   Phone: 845-352-4080

7
                   Fax:   845-352-6777

8
**HSN, INC.**

9
Counsel:          Not known at this moment

10
Address:          1 HSN Drive
                  St. Petersburg, FL 33729

11

12
Registered Agent:  National Registered Agents, Inc.
                   160 Greentree Drive, Suite 101

13
                   Dover, DE 19904
                   Phone: 302-674-4089

14
                   Fax:   302-674-5266

15

16

17

18

19

20

21

22

23

24

25

26

27

28
EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY
RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# EX PARTE APPLICATION

Pursuant to Fed. R. Civ.P. 65, Local Rules 7-19 and 65-1 and Judge R. Gary Klauser, plaintiff Gibson Guitar Corp. ("Gibson"), by its undersigned attorneys, hereby applies to the Court, ex parte, for a Temporary Restraining Order and an Order to Show Cause re: Preliminary injunction to enjoin the Defendants from further acts of trademark infringement in violation of 15 USC 1114 and 1125.

This application ("Application") is made on the grounds that:

1.    Gibson is the sole owner of the distinctive Les Paul Body Shape Design®, U.S. Trademark Reg. No. 1782606 (hereinafter "Les Paul Body Shape Design® Trademark"). This Trademark was issued by the U.S. Patent and Trademark Office on July 20, 1993, and has been continuously and exclusively used in commerce by Gibson since 1952.

2.    Gibson is the sole owner of the distinctive The Les Paul Peg-Head Design®, U.S. Trademark Reg. No. 1020485 (hereinafter "Les Paul Peg-Head® Trademark"). This Trademark was issued by the U.S. Patent and Trademark Office on September 16, 1975, and has been continuously and exclusively used in commerce by Gibson since 1922.

3.    Gibson is the sole owner of the distinctive The Bell Shaped Truss Rod Cover Design®, U.S. Trademark Reg. No. 1022637 (hereinafter "the Bell Cover Design® Trademark"). This Trademark was issued by the U.S. Patent and Trademark Office on October 14, 1975, and has been continuously and exclusively used in commerce by Gibson since 1922.

4.    Gibson is the sole owner of the distinctive The Flying V Body Shape Design Body Shape Design®, U.S. Trademark Reg. No. 2051790 (hereinafter "Flying V Body Shape Design® Trademark"). This Trademark was issued by the U.S. Patent and Trademark Office on April 15, 1997, and has been continuously and exclusively used in commerce by Gibson since 1958.

-vii-

5.      Gibson is the sole owner of the distinctive The Explorer Body Shape Design®, U.S. Trademark Reg. No. 2053805 (hereinafter "Explorer Design® Trademark"). This Trademark was issued by the U.S. Patent and Trademark Office on April 22, 1997, and has been continuously and exclusively used in commerce by Gibson since 1958.

6.      Gibson is the sole owner of the distinctive The Kramer Peg-Head Design®, U.S. Trademark Reg. No. 1567052 (hereinafter "Kramer Peg-Head® Trademark"). This Trademark was issued by the U.S. Patent and Trademark Office on November 21, 1999, and has been continuously and exclusively used in commerce by Gibson since 1958.

7.      Gibson is the sole owner of the distinctive The SG Body Design®, U.S. Trademark Reg. No. 2215791 (hereinafter "SG Body Design® Trademark"). This Trademark was issued by the U.S. Patent and Trademark Office on January 5, 1999, and has been continuously and exclusively used in commerce by Gibson since 1961.

8.      Gibson is the sole owner of the distinctive word mark FLYING V®, U.S. Trademark Reg. No. 1216644 (hereinafter "FLYING V® Trademark"). This Trademark was issued by the U.S. Patent and Trademark Office on November 16, 1982, and has been continuously and exclusively used in commerce by Gibson since 1958.

9.      Gibson is the sole owner of the distinctive word mark LES PAUL®, U.S. Trademark Reg. No. 1539282 (hereinafter "LES PAUL® Trademark"). This Trademark was issued by the U.S. Patent and Trademark Office on May 16, 1989, and has been continuously and exclusively used in commerce by Gibson since 1952.

10.     Gibson is the sole owner of the distinctive word mark S-G®, U.S. Trademark Reg. No. 1045872 (hereinafter "S-G® Trademark"). This Trademark was issued by the U.S. Patent and

-viii-

1   Trademark Office on August 10, 1976, and has been continuously and exclusively used in commerce

2   by Gibson since 1975.

3       11.     Gibson is the sole owner of the distinctive word mark EXPLORER®, U.S. Trademark

4   Reg. No. 2641548 (hereinafter "EXPLORER® Trademark").  This Trademark was issued by the U.S.

5   Patent and Trademark Office on October 29, 2002, and has been continuously and exclusively used in

6
7   commerce by Gibson since 1958.

8       12.     Gibson is the sole owner of the distinctive word mark GIBSON®, U.S. Trademark

9   Reg. No. 1545311 (hereinafter "GIBSON® Trademark").  This Trademark was issued by the U.S.

10  Patent and Trademark Office on June 27,1989, and has been continuously and exclusively used in

11
    commerce by Gibson since 1890.
12
        13.     Defendants offer for sale and sell products using the Les Paul Body Shape Design®
13
14  Trademark, the Les Paul Peg-Head® Trademark, the Bell Cover Design® Trademark, the Flying V

15  Body Shape Design® Trademark, the Explorer Body Shape Design® Trademark, the Kramer Peg-

16  Head® Trademark, the SG Body Design® Trademark, the LES PAUL® Trademark, the FLYING

17  V® Trademark, the EXPLORER® Trademark, the GIBSON® Trademark and the S-G® Trademark

18
    ("Defendants' Unauthorized Products")
19
        14.     Notwithstanding the lack of authorization from Gibson and the fact that said
20
21  Defendants' Unauthorized Products otherwise are not authorized to be sold utilizing the Gibson

22  Trademarks, Defendants have made repeated unauthorized use of the Trademark in connection with

23  said Unauthorized Products, with the intent to mislead and confuse consumers into believing that said

24  Defendants' Unauthorized Products are made directly by Gibson pursuant to Gibson's strict quality

25  control standards or that said Defendants' Unauthorized Products are otherwise authorized or

26                                          -ix-

27  EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY
    RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY
28  INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   licensed by Gibson and with the intent of misappropriating, for their own benefit, the tremendous

2   goodwill built up by Gibson in the Gibson Trademarks.

3        15.    Defendant WowWee is advertising the FLYING V® Trademark along with the

4   Unauthorized Product bearing the Flying V Body Shape Design® Trademark, the LES PAUL®

5   Trademark along with the Unauthorized Product bearing the Les Paul Body Shape Design®

6   Trademark, the Les Paul Peg-Head® Trademark the S-G® Trademark along with the Unauthorized

7   Product bearing the SG Body Design® Trademark, and the EXPLORER Trademark along with the

8

9   Unauthorized Explorer Body Shape Design® and the GIBSON® Trademark  with the Unauthorized

10  Products on the www.paperjamz.com and www.paperjamzstore.com websites.

11       16.    The aforementioned misuse of the Gibson Trademarks by Defendants was done by

12

13  Defendants with the intent of deceiving or misleading customers into mistakenly believing that said

14  Defendants' Unauthorized Products were authorized Gibson products originating from Gibson or its

15  related companies and otherwise misappropriating the goodwill built up by Gibson in the Gibson

16  Trademarks and otherwise attracting and misdirecting consumers looking for genuine or authorized

17  Gibson goods to Defendants' websites.

18       17.    The misuse of the Gibson Trademarks by Defendants was intended to cause, has

19

20  caused and is likely to continue to cause consumer confusion, mistake or deception including the

21  misleading of consumers into mistakenly believing that the Defendants' Unauthorized Products are

22  made directly by Gibson pursuant to Gibson's strict quality control standards or Gibson has

23  authorized or licensed the use by Defendants of the Trademark for those products.

24

25

26      -x-

27

28

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

18.     The aforementioned misuse of the Trademark by Defendants is damaging to the reputation and goodwill of the Gibson and the Gibson Trademarks and any continued use will cause irreparable harm to Gibson.

Plaintiff request that the Temporary Restraining Order and Preliminary Injunction issue with minimal bond or no bond based on Plaintiff's showing of a string likelihood of success on the merits, and on the anticipated low amount of the enjoined Defendants' possible losses should it later turn out that the injunction should not have been granted (Fed. R. Civ.P. 65).

This Application is based on the Complaint filed in this action, the accompanying Notice of Ex Parte Application for a Temporary Restraining Order and an Order to Show Cause Re Preliminary Injunction and Notice of Opposition Procedure, the Memorandum of Points and Authorities, the Declarations of Henry Juszkiewicz, Andrea Bates and Bruce Mitchell, all the records and files in this action and such further oral and documentary matters as may be property placed before the court.

## STATEMENT OF OPPOSING COUNSELS POSITION

**WOWWEE USA, INC., a California corporation**

Prior to filing the complaint against WOWWEE, Plaintiff Gibson engaged in informal settlement discussions with Kim J. Landsman of Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, NY, NY 10036, Direct Tel:  212.336.2980 Direct Fax:  212.336.2985 E-mail: kjlandsman@pbwt.com.

It is unknown if he has been retained as counsel for this litigation.

**WAL-MART STORES, INC., a Delaware corporation**

-xi-

1   Prior to filing the complaint against Wal-Mart, Plaintiff Gibson was contacted by Rosalyn Mitchell,

2   in house counsel for Wal-Mart, indicating that she was looking in to the matter. Her Fax is 479-277-

3   5991.

4   It is unknown if he has been retained as counsel for this litigation.

**AMAZON.COM, INC., a Delaware corporation**

No known opposing counsel at this time.

**BIG LOTS STORES, INC., an Ohio corporation**

No known opposing counsel at this time.

**KMART CORPORATION, a Michigan corporation**

No known opposing counsel at this time.

**TARGET CORPORATION, a Minnesota corporation**

Prior to filing the complaint against Target, Plaintiff Gibson was contacted by Michael J Kroll, in

house counsel for Target, indicating that he was looking in to the matter. His fax is 612-696-3399.

It is unknown if he has been retained as counsel for this litigation.

**TOYS "R" US-DELAWARE, INC., a Delaware corporation**

No known opposing counsel at this time.

**WALGREEN CO., an Illinois corporation**

No known opposing counsel at this time.

**BROOKSTONE COMPANY, INC., a New Hampshire corporation**

No known opposing counsel at this time.

**BEST BUY CO. INC., a Minnesota corporation**

No known opposing counsel at this time.

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY
RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  **EBAY INC., a Delaware corporation**

2  No known opposing counsel at this time.

3  **TOYWIZ, INC., a New York corporation**

4  No known opposing counsel at this time.

5

6  **HSN, Inc. a Delaware corporation, and DOES 1 through 100**

7  No known opposing counsel at this time.

8  <u>**STANDING ORDER**</u>

9      Pursuant to the Standing Order For Assigned Cases ¶ 9 (EX Parte Applications), Plaintiff has

10  served the Defendants via facsimile this Application and Notice of the Ex Parte Application For a

11  Temporary Restraining Order and An Order to Show Cause Re: Preliminary Injunction to the

12  Defendants, including notifying Defendants that an opposition needs to be filed no later 3:00 p.m. on

13  the first business day following such facsimile service.

14

15  <u>**MEMO OF KNOWN COUNSEL/DEFENDANT'S CONTACT INFORMATION**</u>

16  <u>**WOWWEE USA, INC.**</u>

17  Counsel:          Kim J Landsman

18                   Patterson Belknap Webb & Tyler LLP,
                    1133 Avenue of the Americas, NY, NY 10036,

19                   Direct Tel: 212.336.2980
                    Direct Fax: 212.336.2985

20                   E-mail: kjlandsman@pbwt.com.

21

22

23  Address:          5963 La Place Court, Suite 207

24                   Carlsbad, CA 92008

25  Registered Agent:   National Registered Agents, Inc.
                    2875 Michelle Drive, Suite 100

26  -xiii-

27    EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY

28  RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY
   INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Irvine, CA 92606
Phone: 800-562-6439
Fax:    800-562-6504

**WAL-MART STORES, INC.**

Counsel:            Rosalyn Mitchell (in house)
                    Fax: 479-277-5991
                    Phone: 479-204-6574

Address:            702 SW 8th Street
                    Bentonville, AR 72716

Registered Agent:   The Corporation Trust Company
                    Corporation Trust Center
                    1209 Orange Street
                    Wilmington, DE 19801
                    Phone: 302-658-7581
                    Fax:    302-655-5049

**AMAZON.COM, INC.**

Counsel:            Not known at this moment

Address:            410 Terry Avenue North
                    Seattle, WA 98109-5210

Registered Agent:   Corporation Service Company
                    2711 Centerville Road, Suite 400
                    Wilmington, DE 19808
                    Phone: 800-927-9800
                    Fax:    302-636-5454

**BIG LOTS STORES, INC.**

Counsel:            Not known at this moment

Address:            300 Phillipi Road
                    PO Box 28512
                    Columbus, OH 43228-5311

Registered Agent:   CSC-Lawyers Incorporating Service
                    50 W. Broad Street, Suite 1800

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY
RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Columbus, OH 43215
Phone: 800-927-9800
Fax:    302-636-5454

**KMART CORPORATION**

Counsel:            Not known at this moment

Address:            3333 Beverly Road
                    Hoffman Estates, IL 60179
                    Phone: 847-286-2500
                    Fax:    847-286-5500

Registered Agent:   The Corporation Company
                    30600 Telegraph Road, Suite 2345
                    Bingham Farms, MI 48025

**TARGET CORPORATION**

Counsel:            Michael J Kroll (in house)
                    Fax: 612-696-3399
                    Phone: 612-696-2249

Address:            1000 Nicollet Mall
                    Minneapolis, MN 55403
                    Phone: 612-304-6073
                    Fax:    612-696-5400

Registered Agent:   No Agent on File With Secretary of State

**TOYS"R"US DELAWARE, INC**

Counsel:            Not known at this moment

Address:            One Geoffrey Way
                    Wayne, NJ 07470-2030

Registered Agent:   The Prentice-Hall Corporation System, Inc.
                    2711 Centerville Road, Suite 400
                    Wilmington, DE 19808
                    Phone: 302-636-5440
                    Fax:    302-636-5454

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY
RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  **WALGREEN CO.**

2  Counsel:                    Not known at this moment

3  Address:                    200 Wilmot Road
                               Deerfield, Il 60015
4

5  Registered Agent:           Illinois Corporation Service Company
                               801 Adlai Stevenson Drive
6                              Springfield, IL 62703
                               Phone: 888-690-2882
7                              Fax:    302-636-5454

8  **BROOKSTONE COMPANY, INC.**

9  Counsel:                    Not known at this moment

10 Address:                    One Innovation Way
                               Merrimack, NH 03054
11

12 Registered Agent:           Thomas P. Manson, Esq.
                               1000 Elm Street, 20FI
13                             Manchester, NH 03101
                               Phone: 603-621-7100
14                             Fax:    603-621-7111

15
   **BEST BUY CO., INC.**
16

17 Counsel:                    Not known at this moment

18 Address:                    7601 Penn Avenue South
                               Richfield, MN 55423
19

20 Registered Agent:           C T Corporation System Inc.
                               100 South 5th Street, Suite 1075
21                             Minneapolis, MN 55402
                               Phone: 612-333-4315
22                             Fax:    612-333-2524

23 **EBAY INC.**

24 Counsel:                    Not known at this moment

25 Address:                    2145 Hamilton Avenue

26                                                    -xvi-

27     EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY
        RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY
28   INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1          San Jose, CA 95125

2   Registered Agent:    National Registered Agents, Inc.

3                  160 Greentree Drive, Suite 101
                 Dover, DE 19904

4                  Phone: 302-674-4089
                 Fax:   302-674-5266

5

6 **TOYWIZ, INC.**

7   Counsel:          Not known at this moment

8   Address:          363 Spook Rock Rd. Building K
                 Suffern, NY 10901

9

10   Registered Agent:    Barr, Post & Associates
                 664 Chestnut Ridge Road

11                  Spring Valley, NY 10977
                 Phone: 845-352-4080

12                  Fax:   845-352-6777

13 **HSN, INC.**

14

15   Counsel:          Not known at this moment

16   Address:          1 HSN Drive
                 St. Petersburg, FL 33729

17

18   Registered Agent:    National Registered Agents, Inc.
                 160 Greentree Drive, Suite 101

19                  Dover, DE 19904
                 Phone: 302-674-4089

20                  Fax:   302-674-5266

21

22

23

24

25

26                                -xvii-

27 EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY
RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY

28 INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

Respectfully submitted,

2

DATED:      November ____, 2010          BATES & BATES, LLC

3

4

5

_____
ANDREA E. BATES
MICHAEL A. BOSWELL
Attorneys for PLAINTIFF
GIBSON GUITAR CORP.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-xviii-

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY
RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS .................................................................xix

TABLE OF AUTHORITIES.............................................................. xx

I.   INTRODUCTION.................................................................... 1

II.  STATEMENT OF FACTS ......................................................... 5

    A.   Plaintiff Exclusively Owns the Gibson Trademarks................... 5

    B.   The Gibson Trademarks Enjoy Worldwide Fame....................... 5

    C.   Defendant's Illegal Activities.............................................. 6

    D.   Defendant EBay's Contributory Infringement
        of the Gibson Trademarks.................................................. 8

III. A TEMPORARY RESTRAINING ORDER IS NECESSARY
    TO PREVENT TRADEMARK INFRINGEMENT ....................... 9

    A.   GIBSON has Satisfied The Standards For Granting A
        Temporary Restraining Order And A Preliminary Injunction .............. 9

    B.   GIBSON has Demonstrated An Indisputable Likelihood of
        Success On the Merits Of Its Federal Trademark
        Infringement Claims ...................................................... 10

        i.   Strength of the Marks...................................................11

        ii.  Similarity of the Marks .............................................. 12

        iii. The Alleged Infringer's Intent In
            Selecting the Mark .................................................. 13

        iv.  Likelihood of Expansion in Product Lines ................................. 14

    C.   Plaintiff Will Suffer Irreparable Harm In The Absence of
        Preliminary Injunctive Relief........................................... 15

-xix-

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

D.   The Balance of Equities Tips In Favor of Plaintiff ............................. 16

E.   An Injunction Is In the Public Interest................................................. 19

IV.   CONCLUSION.......................................................................................... 19

-xx-

## TABLE OF AUTHORITIES

**PAGE**

### STATUES AND RULES

15 U.S.C. §1057(b) ................................................................. 10

15 U.S.C. §1114 .................................................................. 10

Fed. R. Civ. P. 65(c) ............................................................ ....18

TMEP §1207.01(a)(v) ............................................................ 15

### CASES

AMF, Inc. v. Sleekcraft Boats
599 F. 2d 341, 348-49 (9th Cir. 1979)… ........................................ ......11, 13

Brunner v. Bawcom
U.S. Dist. LEXIS 96341, 2010 WL 3724436, *4 (D.Mont., Sept. 15, 2010) ............. 4

Cadence Design Systems, Inc. v. Avant! Corp.
125 F.3d 824, 829 (9th Cir. 1997)............................................... 17

Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,
321 F. 3d 878, 882 (9th Cir. 2003)............................................. 18

CPG Products Corp. v. Perceptual Play, Inc.
221 USPQ 88 (TTAB 1983) ..................................................... 15

Cytosport, Inc. v. Vital Pharm., Inc.
617 F.Supp.2d 1051, 1081-1082 (E.D.Cal.2009) .................................. 16

Eclipse Associates Ltd. v. Data General Corp.
894 F. 2d 1114, 1118 (9th Cir. 1990)........................................... 11

Freecycle Network, Inc. v. Oey
505 F.3d 898, 901 (9th Cir. 2007)............................................. 10

Goto.com, Inc. v. Walt Disney Co.

-xxi-

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY
RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

202 F.3d 1199, 1205 (9th Cir. 2000)................................................................ 11, 12

Iconix, Inc. v. Tokuda
457 F. Supp. 2d 969, 1002 (N.D. Cal. 2006) .......................................... 18

In re 1st USA Realty Professionals, Inc.
84 USPQ2d 1581 (TTAB 2007) ............................................................... 15

Inwood Laboratories Inc. v. Ives Laboratories, Inc.
456 U.S. 844, 853-854 (1982)...................................................................... 8

Lockheed Martin Corp. v. Network Solutions, Inc.
194 F.3d 980, 983 (9th Cir. 1999).............................................................. 9

Marlyn Nutraceuticals, Inc. v. Murcos Pharma GmbH & Co.
571 F. 3d 873, 877 (9th Cir. 2009).......................................................... 16

Maxim Integrated Products, Inc. v. Quintana
654 F. Supp. 2d 1024, 1035 (N.D. Cal. 2009) .................................. 16, 19

McGee v. International Life Ins. Co.
355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) ......................... 4

Metro Pub., Ltd. v. San Jose Mercury News
987 F. 2d 637, 640 (9th Cir. 1993)........................................................... 11

Microsoft Corp. v. Very Competitive Computer Products Corp.
671 F. Supp. 1250, 1252 (N.D. Cal. 1987) ............................................. 18

Moroccanoil, Inc. v. Moroccan Gold, LLC
590 F. Supp.2d 1271, 1282 (C.D. Cal. 2008) ......................................... 19

Nintendo of America, Inc. v. Computer & Entertainment, Inc.
1996 U.S. Dist. LEXIS 20975, *15, 1996 WL 511619, *6 (W.D. Wa. 1996) ............ 19

Opticians Ass'n of Am. v. Indep. Opticians of Am.
920 F.2d 187, 198 (3d. Cir. 1990)............................................................ 19

Park Inns International v. Pacific Plaza Hotels, Inc.
5 F.Supp.2d 762, 764 (D.Ariz. 1998)......................................................... 4

Perfect 10, Inc. v. Visa Int'l Service Ass'n
494 F.3d 788, 807 (9th Cir. 2007)............................................................. 9

-xxii-

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Promatek Industries, Ltd. v. Equitrac Corp.
300 F. 3d 808, 813 (7th Cir. 2002)........................................................... 19

Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.
944 F. 2d 597, 603 (9th Cir. 2001)........................................................... 16

Sierra On-Line, Inc. v. Phoenix Software, Inc.
739 F.2d 1415, 1422 (9th Cir. 1984)........................................................ 10

State of Alaska v. Native Village of Venetie
856 F.2d 1384, 1389 (9th Cir. 1988)......................................................... 9

Stormans, Inc. v. Selecky
Nos. 07-36039, 07-36040, 2009 WL 194550, at 13 (9th Cir., July 8, 2009)............. 10

Sun Microsystems, Inc. v. Microsoft Corp.
21 F. Supp. 2d 1109, 1118 (N.D. Cal 1998................................................. 10

Tech Heads, Inc. v. Desktop Service Center, Inc.
105 F.Supp.2d 1142, 1150-51 (D.Or. 2000) .................................................. 4

Textile Unlimited, Inc. v. A. BMH & Co.
240 F.3d 781, 786 (9th Cir. 2001)........................................................... 10

Ticketmaster L.L.C. v. RMG Technologies, Inc.
507 F. Supp. 2d 1096, 1116 (C.D. Cal. 2007) .............................................. 18

Tiffany v. eBay
(2010) 600 F.3d 93 ......................................................................... 9

TMX Funding, Inc. v. Impero Technologies, Inc.
2010 U.S. Dist. LEXIS 68843, *19-20, 2010 WL 2745484, *7
(N.D. Cal.2010).............................................................................. 16

Triad Sys Corp. v. Southeastern Express Co.
 64 F. 3d 1330, 1338 (9th Cir. 1995)........................................................ 17

Vision Sports, Inc. v. Mellvile Corp.
888 F.2d 609, 612 n.3 (9th Cir. 1989)....................................................... 16

Walter v. Mattel, Inc.
210 F.3d 1108, 1111 (9th Cir. 2000)......................................................... 11

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY
RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Winter v. Natural Res. Def. Council, Inc.
129 S. Ct. 365, 374 (2008) .............................................................. 10, 15, 16, 19

Yash Raj Films (USA), Inc. v. Sidhu
2010 U.S. Dist. LEXIS 25988, *17-18, 2010 WL 1032792, *7
(E.D. Cal. 2010) ............................................................................... 10

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY
RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# I.   **INTRODUCTION**

Plaintiff Gibson Guitar Corp. (hereinafter "Gibson") is engaged in the business of developing, manufacturing and selling musical instruments, including guitars, basses and mandolins under the famous Gibson® trademark for over a century.   Gibson guitars are sold worldwide.   Gibson's instruments have gained worldwide recognition and reputation, winning awards for their design (Declaration of Henry Juszkiewicz at ¶'s 18, 19, 20, and 21).

Gibson is the sole and exclusive owner of the following registered United States trademarks: (1) The Les Paul Body Shape Design®, U.S. Trademark Reg. No. 1782606 (hereinafter "Les Paul Body Shape Design® Trademark") (*See* Declaration of Henry Juszkiewicz  at ¶ 5; Declaration of Bruce Mitchell at ¶ 5(a) , and accompanying exhibit "A"); (2) The Les Paul Peg-Head Design®, U.S. Trademark Reg. No. 1020485 (hereinafter "Les Paul Peg-Head® Trademark") (*See* Declaration of Henry Juszkiewicz  at ¶ 65; Declaration of Bruce Mitchell at ¶ 5(b) , and accompanying exhibit "B"); The Bell Shaped Truss Rod Cover Design®, U.S. Trademark Reg. No. 1022637 (hereinafter "the Bell Cover Design® Trademark") (*See* Declaration of Henry Juszkiewicz  at ¶ 5; Declaration of Bruce Mitchell at ¶  5(c), and accompanying exhibit "C"); The Flying V Body Shape Design Body Shape Design®, U.S. Trademark Reg. No. 2051790 (hereinafter "Flying V Body Shape Design® Trademark" (*See* Declaration of Henry Juszkiewicz  at ¶ 8; Declaration of Bruce Mitchell at ¶  5(d), and accompanying exhibit "D"); The Explorer Body Shape Design®, U.S. Trademark Reg. No. 2053805 (hereinafter "Explorer Design® Trademark") (*See* Declaration of Henry Juszkiewicz  at ¶ 5; Declaration of Bruce Mitchell at ¶  5€, and accompanying exhibit "E"); (6) The Kramer Peg-Head Design®, U.S. Trademark Reg. No. 1567052 (hereinafter "Kramer Peg-Head® Trademark") (*See* Declaration of Henry Juszkiewicz  at ¶10; Declaration of Bruce Mitchell at ¶  5(f), and accompanying

-1-

---

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  exhibit "F"); (7) The SG Body Design®, U.S. Trademark Reg. No. 2215791 (hereinafter "SG Body

2  Design® Trademark") (*See* Declaration of Henry Juszkiewicz  at ¶ 11; Declaration of Bruce Mitchell

3  at ¶ 5(g), and accompanying exhibit "G"); (8) The word mark "LES PAUL"® Trademark, U.S.

4  Trademark Reg. No. 1539282 (hereinafter the "LES PAUL® Trademark) (*See* Declaration of Henry

5  Juszkiewicz at ¶ 13; Declaration of Bruce Mitchell at ¶ 5(h)  , and accompanying exhibit "H"); (9)

6
7  The word mark "FLYING V"® Trademark, U.S. Trademark Reg. 1216644 (hereinafter the

8  "FLYING V® Trademark) (*See* Declaration of Henry Juszkiewicz  at ¶ 12; Declaration of Bruce

9  Mitchell at ¶ 5(i)  , and accompanying exhibit "I"); (10) The word mark "EXPLORER"® Trademark,

10  U.S. Trademark Reg. 2641548 (hereinafter the "EXPLORER® Trademark) (*See* Declaration of

11  Henry Juszkiewicz  at ¶ 15; Declaration of Bruce Mitchell at ¶ 5(j) , and accompanying exhibit "J");

12
13  (11) The word mark "S-G"® Trademark, U.S. Trademark Reg. 1045872 (hereinafter the

14  "EXPLORER® Trademark) (*See* Declaration of Henry Juszkiewicz  at ¶ 14; Declaration of Bruce

15  Mitchell at ¶ 5(k) , and accompanying exhibit "K"); (12) The word mark "GIBSON"® Trademark,

16  U.S. Trademark Reg. 1545311 (hereinafter the  GIBSON® Trademark) (*See* Declaration of Henry

17  Juszkiewicz  at ¶ 16; Declaration of Bruce Mitchell at ¶  5(l), and accompanying exhibit "L")

18  (collectively "Gibson Trademarks").

19       Plaintiff has recently learned that defendants WOWWEE USA, INC. (hereinafter

20  "WowWee"), WAL-MART STORES, INC. (hereinafter "WAL-MART"), AMAZON.COM, INC.

21  (hereinafter "AMAZON"), BIG LOTS STORES, INC. (hereinafter "BIG LOTS"), KMART

22  CORPORATION (hereinafter "KMART"), TARGET CORPORATION (hereinafter "TARGET"),

23  TOYS "R" US-DELAWARE, INC. (hereinafter "TOYS "R" US"), WALGREEN CO. (hereinafter

24  "WALGREENS"), BROOKSTONE COMPANY, INC. (hereinafter "BROOKSTONE"), BEST BUY

25
26

-2-

27
28  EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY
RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  CO. INC. (hereinafter "BEST BUY"), TOYWIZ, INC. (hereinafter "TOYWIZ") and HSN, INC.

2  (hereinafter "HSN") (collectively "Defendants") are selling musical play instruments worldwide,

3  including the United States, that infringe upon the Gibson Trademarks ("Unauthorized Products").

4  Defendant WowWee is the manufacturer and distributor of the play instruments and the remaining

5  defendants (the "Retail Defendants") offer those items for sale either online, in physical locations, or

6  both.  The Unauthorized Products are being advertised by WowWee on its websites

7  (www.paperjamz.com, www.paperjamzstore.com, www.wow-wee-paper-jamz-guitar.com,

8  www.wowwee.com, among others) as either Guitar Style 1/Country 1 (attached as Exhibit "M" to the

9  Declaration of Bruce Mitchell), Guitar Style 4/Rock 4 (attached as Exhibit "N" to the Declaration of

10  Bruce Mitchell), Guitar Style 5/Rock 5 (attached as Exhibit "O" to the Declaration of Bruce

11  Mitchell), and Guitar Style 6/Rock 6 (attached as Exhibit "P" to the Declaration of Bruce Mitchell).

12  These Unauthorized Products are identical to the Gibson Trademarks and clearly infringe on the

13  Gibson Trademarks (See Exhibits "Q," "R," "S," and "T" to the Declaration of Bruce Mitchell).

14         On the www.paperjamz.com website, WowWee indicates that Defendants AMAZON, BEST

15  BUY, BIG LOTS,  BROOKSTONE, KMART, TARGET, TOYS "R" US, WALGREENS AND

16  WAL-MART has locations where the public can purchase the Unauthorized Products (See Exhibit

17  "U" to the Declaration of Bruce Mitchell.  Indeed, a review of the Defendants websites indicates that

18  the Unauthorized Products are widely available on-line (See Exhibits "V", "W", "X", "Y", "Z",

19  "AA","BB", and "CC" to the Declaration of Bruce Mitchell).  Each of those entities conducts

20  business within this district.

21  

22  

23  

24  

25  

26  

27  

28  

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY
RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    A review of the websites of the remaining defendants, EBAY, TOYWIZ and HSN, indicates

2    that the Unauthorized Products are available on-line to the public within this district, as well (*See*

3    Exhibits "DD", "EE", and "FF" to the Declaration of Bruce Mitchell).

4    Thus, Plaintiff Gibson is seeking emergency relief via this application for a temporary

5    restraining order and request for preliminary injunction to stop the infringing activities as soon as

6    possible.

7    Personal jurisdiction over each of these Defendants is proper because among other things they

8    have sold and distributed the Unauthorized Products in the Central District of California both in their

9    physical locations as well as through their websites (*See* Brunner v. Bawcom, U.S. Dist. LEXIS

10   96341, 2010 WL 3724436, *4 (D.Mont., Sept. 15, 2010) (holding that the defendant's single sale of

11   goods to the plaintiff in the forum satisfied the "purposeful availment" requirement for personal

12   jurisdiction, insofar as the defendant had "purposefully availed himself of the privilege of conducting

13   business [in the forum]") (*citing* McGee v. International Life Ins. Co., 355 U.S. 220, 223, 78 S.Ct.

14   199, 2 L.Ed.2d 223 (1957)). Finally, each of the Defendants operate an online retail business from a

15   highly-interactive website (*See* Tech Heads, Inc. v. Desktop Service Center, Inc., 105 F.Supp.2d

16   1142, 1150-51 (D.Or. 2000) (personal jurisdiction was proper when defendant's website had

17   interactive features and one sale to an Oregon resident was made via the website); *see also* Park Inns

18   International v. Pacific Plaza Hotels, Inc., 5 F.Supp.2d 762, 764 (D.Ariz. 1998) (personal jurisdiction

19   proper Arizona residents and travel agents used defendant's website to make on-line hotel

20   reservations).

21   Although Gibson sent cease and desist letters to the Defendants, none of the Defendants have

22   ceased selling the Unauthorized Products. Based on the foregoing, Plaintiff will suffer irreparable

23   -4-

24   EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY
     RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY
     INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

harm if the Defendants are not immediately enjoined from manufacturing, marketing or selling the Unauthorized Products.

## II.   STATEMENT OF FACTS

### A.   Plaintiff Exclusively Owns the Gibson Trademarks

Plaintiff owns uncontestable US trademark registrations for the Gibson Trademarks and has used the Gibson Trademarks in connection musical instruments for over 50 years and in the case of the GIBSON® Trademark it was first used in commerce in the late 1800s (*See* Exhibit L to Bruce Mitchell ).

### B.   The Gibson Trademarks Enjoy Worldwide Fame

Gibson's instructments and, in turn, Gibson Trademarks have achieved a high level of fame both domestically and abroad.  Several of the most well-known national and international musicians use Gibson's products which utilize the Gibson's Trademarks, including but not limited to: Keith Richards of the Rolling Stones; Elvis Presley; Jan Akkerman; Billy Joe Armstrong of GreenDay; Martin Barre of Jethro Tull; Jeff Beck of the Yardbirds; Dave Davies of the Kinks; Buck Dharma of the Blue Oyster Cult; The Edge of U2; Ace Frehley of Kiss; Steve Howe of Yes and Asia; Mick Jones of Foreigner; Lenny Kravitz; Bob Marley; Ted Nugent; Joe Perry of Aerosmith; Duane Allman of the Allman Brother Band; John Lennon of the Beatles; Angus Young of AC/DC; James Hetfield of Metallica; Jimmy Page of Led Zeppelin; Eddie Van Halen; Johnny Winter; Neil Young; Slash; and Eric Clapton.  (Declaration of Henry Juszkiewicz at ¶ 19).

Pictures of Gibson products in famous musical performances date back well over 50 years (*Id.* at ¶19).  Many of those musicians have been elected to the Rock and Roll Hall of Fame, of which Gibson is a proud sponsor (*Id.*).  Additionally, Gibson has been covered in the press, both in the

-5-

United States and elsewhere, demonstrating as a testament to the fame and good will associated with all the Gibson Trademarks. (Declaration of Henry Juszkiewicz at ¶ 20).

As a result of the high quality of the Gibson's instruments and the extensive sales, licensing and marketing, advertising and promotion of these instruments under the Gibson Trademarks, the Gibson Trademarks have become famous trademarks that are widely and favorably known by consumers in the United States and elsewhere as designating high quality and dependable products originating exclusively from Gibson and its related companies (Declaration of Henry Juszkiewicz at ¶ 21).

### C.   Defendant's Illegal Activities

Defendant WowWee has improperly commenced the business of manufacturing, selling and marketing various Unauthorized Products that utilize the famous marks of Gibson, specifically the Gibson Trademarks.  The remaining Defendants represent retailers who sell the Unauthorized Products that display the Gibson Trademarks to the unassuming public.

Further, defendant WowWee has gone so far as to market its Unauthorized Products utilizing the protected word marks of Gibson, namely, "GIBSON®," "LES PAUL®," "FLYING V®," "EXPLORER®," and "S-G®" (Declaration of Bruce Mitchell at ¶ 14). Gibson is the exclusive owner of each of these respective trademarks, and it has not granted permission for any of the Defendants to utilize these marks in conjunction with their Unauthorized Products (Declaration of Henry Juszkiewicz at ¶ 24).

WowWee has, itself, indicated that the Unauthorized Product which is identical to the registered Gibson designs are "styled after the famous Gibson Les Paul" (Declaration of Bruce Mitchell at ¶ 15 , and attached Exhibit GG  ); or the "famous Gibson Explorer" (Declaration of Bruce

-6-

Mitchell at ¶ 15, and attached Exhibit HH ); or the "famous Gibson SG" (Declaration of Bruce Mitchell at ¶ 15 , and attached Exhibit II ); or the "famous Gibson Flying V Guitar" (Declaration of Bruce Mitchell at ¶ 15 , and attached Exhibit JJ ).  Indeed, WowWee goes as far as to say the following on its website, "The designs of each Paper Jamz guitar are similar to a classic that is highly sought after. For example, the Rock Style 6 guitar in Series 1 of Paper Jamz is **made to resemble a Gibson SG** while the Rock Style 1 is made to look like the **famous Gibson Les Paul**. You can choose from your favorite styles of guitar, with the styles ranging from the classic Fender Stratocaster the **"Gibson Flying V Design"** (emphasis added) (Declaration of Bruce Mitchell at ¶ 15, and attached Exhibit NN ).

Defendant WowWee has even made the following bold statement in their advertising "WowWee Paper Jamz Guitar is molded **just like the genuine matter, allowing you to play on a Gibson Flying V** or a Fender Strat without experiencing to dispense hundreds of dollars" (emphasis added)  (Declaration of Bruce Mitchell at ¶ 16 , and attached Exhibit KK ).  The ad goes on to state that three of its musical play instruments, Rock 4, 5, and 6, are in the "Flying V style," "the Explorer Style," and "the SG style."  (Declaration of Bruce Mitchell at ¶ 17, and attached Exhibit KK ). This egregious and blatant use of the Gibson Trademarks, without the consent or license from Gibson is unconscionable.

In Gibson's experience, once irreparable damage to a trademark has been caused, it is nearly impossible for the company to recover its goodwill (Declaration of Henry Juszkiewicz at ¶ 28).

In the fall, Gibson contacted WowWee about its infringing activities (Declaration of Bruce Mitchell at ¶ 8).  However, despite communications between the parties and the demands by Gibson that WowWee cease and desist its infringing activities and the manufacture and sale of counterfeit

-7-

1   parts, WowWee continued to do so. As a result, Gibson sent cease and desist letters to the remaining

2   Defendants on November 15 and 16, 2010.  To date, only five of the Defendants have contacted

3   Gibson.  One, Macys.com, Inc., appears to not be participating in the infringing activities, and thus

4   has not been named a party to this action.  The remaining four, WAL-MART, TOYWIZ, TARGET

5   and Boscov (not a party to this action) indicated that they would look into the matter, but they have

6   failed to cease and desist their infringing activities and they along with the other retail defendants

7

8   continue to mislead the public in their offerings of counterfeit goods.

9   **D.      Defendant EBay's Contributory Infringement of the Gibson Trademarks**

10          EBay supports on its site numerous examples of the infringement of the Gibson Trademarks

11   (Declaration of Bruce Mitchell at ¶ 13(i)).  Accordingly, counsel for Gibson also sent EBay a cease

12   and desist letter, but to date there has been no response.

13          The standard for analyzing contributory liability claims was set forth by the Supreme Court in

14   the case of <u>Inwood Laboratories Inc. v. Ives Laboratories, Inc</u>. (456 U.S. 844, 853-854 (1982)).  In

15

16   <u>Inwood Laboratories</u>, the Supreme Court re-affirmed the basic principle that "liability for trademark

17   infringement can extend beyond those who actually mislabel goods with the mark of another" (*Id*. at

18   853).  Thus, "[e]ven if a manufacturer does not directly control others in the chain of distribution, it

19   can be held responsible for their infringing activities under certain circumstances" (*Id*. at 853-854).

20          Furthermore, the Court established a two-part test for evaluating contributory liability claims.

21
Specifically, if a manufacturer or distributor intentionally induces another to infringe a trademark, or

22

23   if it continues to supply its product to one whom it knows or has reason to know is engaging in

24   trademark infringement, the manufacturer or distributor is contributorially responsible for any harm

25   done as a result of the deceit (*Id*. at 854). This two-part test articulated by the Supreme Court in

26                                               -8-

27
28

1    Inwood, has been consistently followed and expounded upon by subsequent courts (*See, e.g.* Perfect

2    10, Inc. v. Visa Int'l Service Ass'n, 494 F.3d 788, 807 (9th Cir. 2007); Lockheed Martin Corp. v.

3    Network Solutions, Inc. 194 F.3d 980, 983 (9th Cir. 1999)).

4            A party cannot be willfully blind to claims of trademark infringement.  Defendant EBay has

5    been notified of the claims of infringement, but to date it has done nothing to attempt to resolve the

6    situation, not even so much as a phone call to counsel for Gibson to determine the extent of the

7

8    problem.  As can be seen from Exhibit DD to the Declaration of Bruce Mitchell, there are significant

9    offerings of counterfeit goods bearing the Gibson Trademarks being trafficked on defendant EBay's

10   site, yet it turns a blind eye.  Given that it appears the defendant EBay claims to have a robust take

11   down procedure for allegedly counterfeit goods (*See generally* Tiffany v. eBay (2010) 600 F.3d 93),

12   it appears that instead of exercising that policy, it instead chooses to act willfully blind to the

13

14   blatantly obvious trademark infringement being conducted within its operations as it relates to the

15   Gibson Trademarks which are being infringed by the offending products.

16           As such, EBay should also been included within the TRO and preliminary injunction.

17           **III. A TEMPORARY RESTRAINING ORDER IS NECESSARY TO PREVENT**

18                                **TRADEMARK INFRINGEMENT**

19           **A.      GIBSON Has Satisfied The Standards For Granting A Temporary Restraining**

20

21   **Order And A Preliminary Injunction**

22           The standards in the Ninth Circuit for obtaining a temporary restraining order are identical to

23   those for obtaining a preliminary injunction (State of Alaska v. Native Village of Venetie, 856 F.2d

24   1384, 1389 (9th Cir. 1988).  Gibson is entitled to preliminary injunctive relief where it shows: (1) a

25   likelihood of success on the merits; (2) a likelihood of irreparable harm absent a preliminary

26

                                            -9-

27

28

injunction; (3) that the balance of equities tips in favor of issuing an injunction; and (4) that an injunction is in the public interest (Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008); *See also* Stormans, Inc. v. Selecky, Nos. 07-36039, 07-36040, 2009 WL 194550, at 13 (9th Cir., July 8, 2009). A preliminary injunction is a way to preserve the status quo and prevent irreparable loss of rights before judgment (*See, e.g.*, Textile Unlimited, Inc. v. A. BMH & Co., 240 F. 3d 781, 786 (9th Cir. 2001); Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F. 2d 1415, 1422 (9th Cir. 1984). Indeed, "public policy favors injunctive relief to remedy the infringement of intellectual property rights." (Yash Raj Films (USA), Inc. v. Sidhu, 2010 U.S. Dist. LEXIS 25988, *17-18, 2010 WL 1032792, *7 (E.D. Cal. 2010). Courts may also consider whether the granting of a preliminary injunction favors the public interest (Sun Microsystems, Inc. v. Microsoft Corp., 21 F. Supp. 2d 1109, 1118 (N.D. Cal 1998). Both a temporary restraining order and preliminary injunction are clearly proper here.

**B.     GIBSON has Demonstrated An Indisputable Likelihood of Success On the Merits Of Its Federal Trademark Infringement Claims**

To be liable for trademark infringement, someone must "(1) use in commerce (2) any word, false designation of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or misrepresents the characteristics of his or another person's goods or services" (Freecycle Network, Inc. v. Oey, 505 F.3d 898, 901 (9th Cir. 2007).

To prove trademark infringement, Gibson must satisfy two basic elements: (1) a valid protectable mark; and (2) a likelihood of confusion, mistake, or deception in Defendants' use of the trademark (15 U.S.C. §1114). GIBSON has done so. It is the owner of the uncontestable United States trademark registrations for the Gibson Trademarks. Certificates of registration for these marks

-10-

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   are *prima facia* evidence of their validity and GIBSON's exclusive rights to use such marks (15

2   U.S.C. § 1057 (b)). (Exhibits A-L to the Declaration of Bruce Mitchell)

3       The Ninth Circuit does not apply any particular "test" for likelihood of consumer confusion,

4   but has identified a number of factors pertinent to "whether the public is likely to be deceived or

5   confused by the similarity of the marks as to source, relationship or sponsorship."[1]

6       The 8-prong <u>Sleekcraft</u> test is a pliant one in which some factors are more important than

7   others (<u>Goto.com, Inc. v. Walt Disney Co.</u>, 202 F.3d 1199, 1205 (9th Cir. 2000)).  In the current

8   scenario, however, many of the 8 factors support Plaintiff's request for injunctive relief. Furthermore,

9   The Ninth Circuit has adopted these identical eight factors to test whether there is a likelihood of

10  confusion for the common-law and federal unfair competition claims (<u>Walter v. Mattel, Inc.</u>, 210

11  F.3d 1108, 1111 (9th Cir. 2000)).

12

13  **i. Strength of the Marks**

14      The strength of a trademark is evaluated in terms of its conceptual strength and commercial

15  strength (<u>Goto.com, Inc. v. Walt Disney Co.</u>, 202 F.3d 1199, 1207 (9th Cir. 2000)).

16      The Gibson Trademarks represent the strongest category of trademarks in that they bear no

17  logical relationship to the underlying product (i.e., arbitrary marks) and are deemed uncontestable

18  due to the duration of the registrations.

19

20

21  [1] <u>Eclipse Associates Ltd. v. Data General Corp.</u>, 894 F. 2d 1114, 1118 (9th Cir. 1990).
These factors include (1) strength or weakness of the plaintiff's trademark; (2) the degree of
similarity between defendant's design and the plaintiff's trademark; (3) whether the
trademarks are used on similar or related goods; (4) the similarities between the marketing
channels used by the plaintiff and the defendant; (5) any evidence of actual confusion; (6) the
intent of the defendant; (7) the type of goods and the degree to care likely to be exercised by
the purchaser; and (8) the likelihood of expansion of product lines. <u>AMF, Inc. v. Sleekcraft</u>
<u>Boats</u>, 599 F. 2d 341, 348-49 (9th Cir. 1979). Each of these factors is not necessarily
relevant to every case, thus the list functions as a guide. <u>Metro Pub., Ltd. v. San Jose</u>
<u>Mercury News</u>, 987 F. 2d 637, 640 (9th Cir. 1993).

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY
RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

The strength of Gibson Trademarks is further bolstered by the fact that Gibson is one of the foremost and most well-known providers of guitars, electric guitars, and electric basses in the world, and has been using the GIBSON® Trademark for well over 100 years, more than 50 for the other Gibson Trademarks. The Gibson Trademarks have been used in musical performances by numerous famous musicians, many who are members of the Rock and Roll Hall of fame. (Declaration of Henry Juszkiewicz at ¶ 19).  The instruments used with the Gibson Trademarks, represent the pinnacle of stringed musical instruments.

Unlike Gibson, WowWee appears to have only recently incorporated, specifically in 2007. Accordingly this new business, rather than building its own goodwill is attempting to build its company from the hard earned goodwill of Gibson and the Gibson Trademarks..

**ii. Similarity of the Marks**

Similarity of the marks is considered a critical question in the likelihood-of-confusion analysis (Goto.com, Inc., 202 F.3d at 1205-1206). The Ninth Circuit in Goto.com has announced a standard that (1) the marks must be considered in their entirety and as they appear in the marketplace; (2) similarity is adjudged in terms of appearance, sound, and meaning; and (3) similarities are weighed more heavily than differences (Id. at 1206).

Here, there can be no question that the shape trademarks held by Gibson, the Les Paul Body Shape Design ® Trademark, the Les Paul Peg-Head® Trademark, the Bell Cover Design® Trademark, the Flying V Body Shape Design® Trademark, the Explorer Body Shape Design® Trademark, the Kramer Peg-Head® Trademark, and the SG Body Design® Trademark are quite unique.  In fact, WowWee has taken note of the goodwill and notoriety of the famous and unique

-12-

1   Gibson instruments, thereby creating cheaply made replicas of the Gibson Trademarks and is selling

2   them to the public.

3       Additionally, because the defendant WowWee boldly uses of the *exact* Gibson owned word

4   marks LES PAUL®, FLYING V®, EXPLORER®, and S-G® to promote their counterfeit items

5   which exhibit the famous Les Paul Body Shape Design ® Trademark, the Les Paul Peg-Head®

6   Trademark, the Bell Cover Design® Trademark, the Flying V Body Shape Design® Trademark, the

7   Explorer Body Shape Design® Trademark, the Kramer Peg-Head® Trademark, and the SG Body

8   Design® Trademark, this is even more evidence that there is a similarity in the marks that leads to

9

10   consumer confusion.

11       Most importantly, on defendant WowWee's own website it includes a video of a consumer

12   who confused regarding the Paper Jamz counterfeit Flying V and the Gibson Flying V Body Shape

13   Design® Trademark. (***See*** **Declaration of Bruce Mitchell at ¶17 and Exhibit LL).** This is clear

14   evidence of consumer confusion. <u>AMF, Inc. v. Sleekcraft Boats,</u> (599 F.2d 341 (9th Cir. 1979)).

15

16   **iii. The Alleged Infringer's Intent In Selecting The Mark**

17       It is clear that WowWee intended to use the extensive fame and goodwill of the Gibson

18   Trademarks when it designed, named and marketed the infringing products (they admit this fact on

19   their website). It is clear at, but a glance, that the Rock 1 version of the Paper Jamz product is a

20   knock-off of the Les Paul Body Shape Design® Trademark (*See* Exhibits A, M, and Q to Declaration

21   of Bruce Mitchell). As is the similar case between the knock-off versions of Rock 4, 5, and 6 of the

22   Paper Jamz products when compared to Gibson's Flying V Body Shape Design® Trademark, the

23   Explorer Body Shape Design® Trademark, and the SG Body Design® Trademark (*See* Exhibits D,E,

24   G, R, S, & T to Declaration of Bruce Mitchell).

25

26

27

28

-13-

1    In addition, the Unauthorized Products not only infringe upon the distinctive trademark

2    shapes of Gibson, but due to the fact that these knock off designs also utilize the Gibson word marks,

3    such acts can only be seen as intentionally deceptive.  WowWee uses the Flying V Body Design ®

4    Trademark with the FLYING V Trademark, e.g., the Paper Jamz FLYING V (Dec of Bruce Mitchell,

5    Exhibit R). It is clear that Defendants' advertising is attempting to build upon the goodwill and fame

6    of the Gibson Trademarks, all to the detriment of Gibson.  Of note, is that the advertisements are not

7    comparing their products, but rather using the Gibson Trademarks as bait on a lure to catch the

8    general public unawares, and secure increased revenue on the behalf of the Defendants, while at the

9    same time damaging the image of true Gibson products.  If Gibson cannot police its trademarks, and

10   ensure that they are used either by Gibson, itself or under license, the marks would be copied industry

11   wide and render the Gibson marks worthless (Declaration of Henry Juszkiewicz at ¶ 28).  That is not

12   the purpose of the Lanham Trademark Act, but rather it is to protect the holders of registered

13   trademarks from infringement and to protect the public at large from confusion in the marketplace

14   due to the existence of counterfeit goods bearing federally registered trademarks.

15   
16   **iv. Likelihood of Expansion of the Product Lines**

17       The holder of a registered trademark is presumed to have the ability to expand its product

18   lines within the realm of its trademark, unless the trademark registration.  Thus Gibson can in fact

19   utilize the Gibson Trademarks in connection with musical play instruments.  In fact, Gibson has

20   already done so, marketing an electric guitar to kids between the ages of 10 to 15 years of age, that

21   was sold within the same channels of trade that is being utilized by the Defendants (Declaration of

22   Bruce Mitchell at ¶ 18, and the associated Exhibit MM).  Gibson has also licensed its patented

23   
24   

-14-

1  technology which enables the Rock Band® series to utilize a Fender Stratocaster® within the game

2  (*Id.* at ¶ 17#).

3       A trademark owner is entitled to protection against the registration of a similar mark on

4  products that might reasonably be expected to be produced by him in the normal expansion of his

5  business. The test is whether purchasers would believe the product or service is within the registrant's

6

7  logical zone of expansion (<u>In re 1st USA Realty Professionals, Inc.</u>, 84 USPQ2d 1581 (TTAB 2007);

8  <u>CPG Products Corp. v. Perceptual Play, Inc.</u>, 221 USPQ 88 (TTAB 1983); TMEP §1207.01(a)(v)).

9  Here, Gibson has already expanded its product lines to areas that encompass what the Defendants are

10  peddling to the general public.  The result is confusion on the part of the consuming public, as to who

11  these products are affiliated with, confusion exacerbated by the manner and means in which the

12

13  goods have been manufactured (*e.g.,* the shapes) and the way in which they have been promoted

14  ("styled like a famous Gibson,"  **made to resemble a Gibson SG** while the Rock Style 1 is made to

15  look like the **famous Gibson Les Paul**. You can choose from your favorite styles of guitar, with the

16  styles ranging from the classic Fender Stratocaster the **"Gibson Flying V Design"** "is molded **just**

17  **like the genuine matter, allowing you to play on a Gibson Flying V . . . "**) (Declaration of Bruce

18  Mitchell at ¶ 15, and 16, and attached Exhibit NN).   The Defendants' own words speak for

19  themselves.  This is pure trademark infringement, an attempt to hijack the fame and goodwill

20  associated with the prestigious Gibson Trademarks.

21

22       **C. Plaintiff Will Suffer Irreparable Harm In The Absence of Preliminary Injunctive**

23  **Relief**

24       The second of the four criteria for injunctive relief as set forth in <u>Winter</u> is that the plaintiff

25  establish that it is likely to suffer irreparable harm in the absence of preliminary

26

27                                          -15-

28  EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY
RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

relief. <u>Winter</u>, 129 S.Ct. 365, 375-376.

In trademark cases, once the registrant establishes a likelihood of confusion between the registrant's mark and the challenger's mark, it is ordinarily presumed the registrant will suffer irreparable harm if injunctive relief is not granted (<u>Vision Sports, Inc. v. Mellvile Corp.</u>, 888 F.2d 609, 612 n.3 (9th Cir. 1989) *See also* <u>Marlyn Nutraceuticals, Inc. v. Murcos Pharma GmbH & Co.</u>, 571 F. 3d 873, 877 (9th Cir. 2009) (in trademark cases, irreparable injury is presumed based on a likelihood of success on the merits); and <u>TMX Funding, Inc. v. Impero Technologies, Inc.</u>, 2010 U.S. Dist. LEXIS 68843, *19-20, 2010 WL 2745484, *7 (N.D. Cal.2010) (noting that post-<u>Winter</u>, "the Ninth Circuit has reaffirmed the ability of a district court to presume harm upon a showing of the likelihood of success on the merits of a trademark infringement claim."). "In trademark cases, irreparable harm is typically found in a plaintiff's loss of control over their business reputation, loss of trade and loss of goodwill" (<u>Maxim Integrated Products, Inc. v. Quintana</u>, 654 F. Supp. 2d 1024, 1035 (N.D. Cal. 2009) The cases hold that "[i]ntangible injuries such as damage to. . . goodwill qualify as irreparable harm" (<u>Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.</u>, 944 F. 2d 597, 603 (9th Cir. 2001).

This is the reason that there is a presumption of irreparable harm when there has been trademark infringement, such as is the case here.

**D. The Balance of Equities Tips In Favor of Plaintiff**

A court balancing the equities will look to the possible harm that could befall the various parties (<u>Cytosport, Inc. v. Vital Pharm., Inc.</u>, 617 F.Supp.2d 1051, 1081-1082 (E.D.Cal.2009)).   In this case, plaintiff Gibson is likely to suffer irreparable harm to its business and the goodwill it has built in the Gibson Trademarks over fifty years, particularly in the United States.

-16-

Unless enjoined, the proliferation of the unlicensed use of the Gibson Trademarks will irreparably harm GIBSON by: (1) undermining Gibson's substantial investment in the Gibson Trademarks; (2) eliminating Gibson's control over distribution of its federally registered trademarks; (3) harming Gibson's reputation with third party licensees; and diminishing the sales of future products displaying the Gibson Trademarks by Gibson and its authorize retailers ( Declaration of Henry Juszkiewicz at ¶ 28).

Gibson has invested millions of dollars developing, promoting and advertising goods that bear the Gibson Trademarks.  In the absence of injunctive relief, Defendants will continue to profit from the sales of the illegal goods while Gibson will be harmed by the continued distribution of these counterfeit items to the public. The lack of injunctive relief will therefore result in the loss of goodwill to the public and licensees encourage infringers to increase operations, and discourage anti-piracy enforcement – all of which is great and irreparable harm.      In contrast, Defendants will only suffer the loss of the revenue from the sales of illicit Unauthorized Products utilizing the Gibson Trademarks. But that is the risk Defendants assumed when they decided to participate actively in an illegal business activity. The law is clear that the economic harm that befalls a pirate is not cognizable in the balance of hardships (Cadence Design Systems, Inc. v. Avant! Corp., 125 F.3d 824, 829 (9th Cir. 1997) (profit lost from enjoined sales of infringing goods not cognizable harm); Triad Sys Corp. v. Southeastern Express Co., 64 F. 3d 1330, 1338 (9th Cir. 1995) ("Where the only hardship that the defendants will suffer is lost profits from an activity which has been shown likely to be infringing, such an argument in defense merits little equitable consideration.") Moreover, the Defendants retail businesses appear to involve the supply of many types of products, of which the items bearing the Gibson Trademarks are but a few.  They will,

-17-

presumably, continue to supply these other products, despite the granting of any injunctive relief preventing the sale and distribution of the Unauthorized Products. Because of the irreparable harm to Gibson and because the balance of hardships tips strongly in favor of Gibson, Gibson is entitled to a temporary restraining order and preliminary injunction.

Additionally, Plaintiff is willing to post a bond to protect Defendants' interest pending the outcome of this litigation, although Plaintiff strongly believes that the bond should be minimal based on the merits of its case and the strong likelihood it will prevail.

Fed. R. Civ. P. 65 (c) provides that a bond be posted "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." A bond "may not be required, or may be minimal, when the harm to the enjoined party is slight or where the movant has demonstrated a likelihood of success" (Ticketmaster L.L.C. v. RMG Technologies, Inc. 507 F. Supp. 2d 1096, 1116 (C.D. Cal. 2007); *see also* Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 321 F. 3d 878, 882 (9th Cir. 2003) ("bond amount may be zero if there is no evidence the party will suffer damages from the injunction."). Here , there is little prospect that any of Defendants' legitimate interests would be impinged by an order requiring them to cease distribution of the goods bearing the Gibson Trademarks. However, if the Court requires that a bond be posted, GIBSON submits that the bond should not exceed $10,000 since that amount is more than sufficient to account for the unlikely possibility that Defendants would be "wrongly enjoined or restrained," from selling these plainly illegal devices (Fed. R. Civ. P. 65 (c); *see, e.g.,* Iconix, Inc. v. Tokuda, 457 F. Supp. 2d 969, 1002 (N.D. Cal. 2006) (setting bond at $10,000 for preliminary injunction in copyright infringement action); Microsoft Corp. v. Very Competitive Computer Products Corp., 671 F. Supp. 1250, 1252 (N.D. Cal. 1987) (setting bond at $10,000 for

-18-

preliminary injunction in copyright infringement action); <u>Nintendo of America, Inc. v. Computer & Entertainment, Inc.</u>, 1996 U.S. Dist. LEXIS 20975, *15, 1996 WL 511619, *6 (W.D. Wa. 1996) (setting bond at $10,000 for preliminary injunction in copyright and trademark infringement action).

Based thereon, Plaintiff respectfully contends that the balance of equities tips in its favor and favors the issuance of injunctive relief and that a bond, if necessary, be minimal.

### E. An Injunction Is In The Public Interest

In the trademark context, courts often define the public interest as the right of the public not to be deceived or confused (<u>Moroccanoil, Inc. v. Moroccan Gold, LLC</u>, 590 F. Supp.2d 1271, 1282 (C.D. Cal. 2008) (quoting <u>Opticians Ass'n of Am. v. Indep. Opticians of Am.</u>, 920 F.2d 187, 198 (3d. Cir. 1990)). Courts also recognize that the public interest favors injunctive relief in trademark infringement cases (*See, e.g.*, <u>Promatek Industries, Ltd. v. Equitrac Corp.</u>, 300 F. 3d 808, 813 (7th Cir. 2002).

On the other hand, no public benefit results from Defendants' activities. Public policy certainly does not support trademark infringement as a means to facilitate trademark counterfeiting. If the Court finds a likelihood of confusion between marks, it may also find that the public interest weighs in favor of granting injunctive relief (<u>Maxim Integrated Products, Inc. v. Richard Quintana, et al.</u>, 654 F.Supp.2d 1024, 1036 (N.D. Cal.2009). In this case, not only is there a likelihood of confusion; rather, there has been at least one example of "actual" confusion by one of Plaintiff's own customers. Thus, injunctive relief is warranted.

### V. CONCLUSION

Pursuant to the factors set forth by the U.S. Supreme Court in <u>Winter</u>,129 S.Ct. at 375-376, Plaintiff has established 1) that it is likely to succeed on the merits; 2) that it is likely to suffer

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

irreparable harm in the absence of preliminary relief; 3) that the balance of equities tip in its favor; and 4) that an injunction is in the public interest.

A Temporary Restraining Order and a Preliminary Injunction will ensure protection of Plaintiff from further infringement of its Registered Trademarks as well as the public's right to distinguish between competing sources of goods and services. Accordingly, Plaintiff respectfully requests that the court enjoin Defendants' infringement in the form of the order proposed and filed concurrently herewith.

Respectfully submitted,

DATED:       November 19, 2010          BATES & BATES, LLC

ANDREA E. BATES
MICHAEL A. BOSWELL
Attorneys for PLAINTIFF
GIBSON GUITAR CORP

EX PARTE APPLICATION OF PLAINTIFF GIBSON GUITAR CORP. FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF